U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 29 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JENNIFER MANN** **PLAINTIFF**

**v.** **CASE NO.** 10-5114

**MATHIAS PROPERTIES, INC.** **DEFENDANT**

## COMPLAINT

COMES NOW, Plaintiff Jennifer Mann, by and through her attorneys, Gilker and Jones, P.A., and for her cause of action against Defendant Mathias Properties, Inc., states as follows:

### Jurisdiction and Venue

1. This action arises under § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as this is a case and controversy arising under the laws of the United States, specifically § 510 of ERISA, 29 U.S.C. § 1140 and § 502(a) of ERISA, 29 U.S.C. § 1132(a).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b)(2), because the unlawful employment actions alleged herein occurred in this judicial district, specifically in the City of Springdale, Arkansas.

### Parties

4. Plaintiff Jennifer Mann is an individual residing in Washington County, Arkansas.

5. Defendant Mathias Properties, Inc. is a corporation organized and existing under the laws of

the State of Arkansas, with its principal place of business located in Springdale, Arkansas. The Court has personal jurisdiction over Defendant by virtue of its substantial business activities and residence in this District.

6. Defendant is a "person" within the meaning of 29 U.S.C. §§ 1002(9) and 1140.

**Facts**

7. Defendant provides a broad range of commercial real estate services in Arkansas and surrounding states.

8. On June 12, 2009, Defendant hired Plaintiff for the position of "Front Desk Assistant/Principal Broker Administrative Support" at the rate of $13.75 per hour.

9. On June 5, 2009, Defendant's President and Chief Operating Officer Arthur Thurman mailed an Employment Offer Letter to Plaintiff (Exhibit 1). In that letter, Thurman stated the terms and conditions upon which Plaintiff would be employed by Defendant in said position, including the following:

"Benefits: Per Mathias standard qualifications and waiting periods including Employer Paid allowance for:

- Medical Insurance;
- Dental Insurance;
- Vision Insurance;
- Long Term and Short Term Disability Coverage;
- Life Insurance ($25,000);
- Company Paid 401K Matching (up to 3% maximum); and
- Paid Holiday Schedule[.]"

10. The administration of said employee benefits offered to Plaintiff on June 5, 2009, in consideration of her employment with Defendant (hereinafter "the ERISA benefits") is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

11. The ERISA benefits were created by, governed by, and offered to Plaintiff pursuant to an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) and an "employee pension benefit plan" within the meaning of 29 U.S.C. § 1002(2)(A).

12. Under the terms of the written plan documents governing the ERISA benefits, the "waiting period" to which Thurman referred in Exhibit 1 was ninety (90) days.

13. Plaintiff accepted the offered employment with Defendant upon the terms set forth by Thurman in Exhibit 1, including the ERISA benefits described therein, and Plaintiff commenced her employment with Defendant on or about June 12, 2009.

14. On or about September 16, 2009, after Plaintiff had been employed by Defendant and performed her job duties for ninety days, she asked Thurman about the commencement of the ERISA benefits offered by him in Exhibit 1 and accepted by Plaintiff.

15. Thurman responded that Plaintiff was on an "additional" probation period and that the ERISA benefits would not be offered to her at that time.

16. Plaintiff then waited an additional four months with no indication from Thurman or anyone other manager of Defendant that she would be receiving the ERISA benefits promised to her in Exhibit 1.

17. On or about Thursday, January 28, 2010, Plaintiff called the Benefits Division of the Arkansas Department of Labor to report that Defendant was not providing the ERISA benefits promised by Thurman in Exhibit 1.

18. Also on or about January 28, 2010, a representative of the Arkansas Labor Department called Defendant and spoke to Thurman concerning Plaintiff's complaint to the Department of Labor.

19. On the afternoon of January 28, 2010, Plaintiff was provided paperwork to complete to enroll in and begin receiving the ERISA benefits promised to her. Plaintiff completed and returned this paperwork by the end of the same day.

20. On Friday, January 29, 2010, inclement weather prevented Plaintiff from safely driving from her home in Bentonville to Defendant's offices in Springdale, so she did not work that day.

21. On Monday, February 1, 2010, Plaintiff reported for work at 8:00 a.m., and she found the front desk area where she was stationed had been rearranged and her personal effects were missing.

22. She spoke with her immediate supervisor, Bill Helmer, who stated he was not aware of the situation and would speak to Thurman about it.

23. Approximately a hour later, Plaintiff was summoned to Thurman's office where Thurman and Helmer were waiting. Thurman told Plaintiff that Defendant was "downsizing" and that today would be her last work of work for Defendant.

24. Plaintiff's employment with Defendant was terminated on February 1, 2010, and she did not return to work for Defendant.

25. Although Thurman had assured Plaintiff at the February 1, 2010, meeting that Defendant would not contest Plaintiff's claim for unemployment benefits, Defendant did in fact contest her claim and told the Arkansas Employment Security Division that Plaintiff was terminated for poor work performance.

**Retaliation in Violation of 29 U.S.C. § 1140**

Plaintiff restates and realleges all the allegations made in paragraphs 1 through 25 of this Complaint. In addition to, and more particularly, Plaintiff alleges:

26. While employed by Defendant, Plaintiff exercised and attempted to exercise rights to which she was entitled under the employee welfare and pension plans offered and maintained by Defendant and governed by ERISA.

27. On February 1, 2010, Defendant unlawfully discharged Plaintiff from her employment with Defendant in retaliation for exercising and attempting to exercise rights to which she was entitled under the employee welfare and employee pension plans offered and maintained by Defendant and governed by ERISA. Defendant discharged Plaintiff with the specific intent to interfere with her attainment of rights under Defendant's said ERISA benefit plans.

28. Further, on February 1, 2010, Defendant unlawfully discharged Plaintiff because she made a report and gave information to the Benefits Division of the Arkansas Department of Labor regarding Defendant's failure to provide her benefits to which she was entitled under Defendant's said ERISA benefit plans.

29. By these said acts, Defendant violated 29 U.S.C. § 1140 and is liable to Plaintiff for damages under 29 U.S.C. § 1132, including, but not limited to, recovery of the value of benefits due her under Defendant's said ERISA plans and wrongfully denied to her; judgment and declaration that Plaintiff is fully entitled to all benefits stated in Exhibit 1 under the terms of the applicable plan documents; reinstatement to her former position, with back pay, under the terms and conditions of employment stated in Exhibit 1; and any and all other legal or equitable relief to which Plaintiff may be entitled.

30. Plaintiff is also entitled to recover her reasonable attorney's fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

**Prayer for Relief**

WHEREFORE, premises considered, Plaintiff prays this Court for:

31. Judgment that the aforesaid conduct of Defendant violated Plaintiff's rights under 29 U.S.C. § 1140;

32. Judgment declaring Plaintiff was entitled to all the ERISA benefits promised to her in Exhibit 1 under the terms of the applicable plan documents;

33. Reinstatement of Plaintiff to her former position as "Front Desk Assistant/Principal Broker Administrative Support" under the terms and conditions of employment stated in Exhibit 1, including eligibility for the said promised ERISA benefits under no conditions other than those stated in the applicable plan documents;

34. An award to Plaintiff of back pay from the date of her termination to the date of judgment;

35. An award to Plaintiff of the value of the said promised ERISA benefits from the first date she would have been eligible for same under the terms of the applicable plan documents had Defendant not unlawfully interfered with her right to receive said benefits;

36. An award to Plaintiff of her other pecuniary and non-pecuniary losses, including but not limited to out-of-pocket losses, emotional pain and suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other non-pecuniary losses incurred by Plaintiff as a direct result of Defendant's unlawful retaliation;

37. An award to Plaintiff of her reasonable attorneys' fees and costs incurred in prosecuting this action;

38. Pre-judgment and post-judgment interest; and

39. All other relief to which Plaintiff may be entitled in law or equity.

Respectfully Submitted,

JENNIFER MANN, Plaintiff

Joseph F. Gilker
Ark. Bar No. 85219
GILKER AND JONES, P.A.
9222 North Highway 71
Mountainburg, Arkansas 72946
Telephone: (479) 369-4294
Facsimile: (479) 369-2032

By: ______________________
Joseph F. Gilker