**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JENNIFER MANN** **PLAINTIFF**

**vs.** **CASE NO. 10-5114**

**MATHIAS PROPERTIES, INC.** **DEFENDANT**

**ANSWER AND CLAIM FOR SET-OFF**

Comes now the defendant, Mathias Properties, Inc., and for its answer and claim for set-off and does allege, state and answer as follows:

1. Defendant denies each and every material allegation not otherwise admitted herein.

2. Defendant admits the allegations of paragraph 1.

3. That as to the allegations of paragraph 2, the defendant does not admit that there is, indeed, a cause of action, but admits to the extent there is, jurisdiction is proper in this Court.

4. That as to the allegations of paragraph 3, the defendant denies that there is a cause of action, but to the extent there is, venue is proper in this Court.

5. Defendant admits the allegations of paragraph 4.

6. Defendant admits the allegations of paragraph 5.

7. Defendant admits the allegations of paragraph 6.

8. Defendant admits the allegations of paragraph 7.

9. Defendant admits the allegations of paragraph 8.

10. That as to the allegations of paragraph 9, the defendant states that the letter speaks for itself, but admits that the letter is a true and accurate letter from Arthur Thurman.

11. That as to the allegations of paragraph 10, the defendant denies that all of the benefits

are "ERISA benefits."

12. As to paragraph 11, defendant denies all of the benefits offered were "ERISA benefits" within the meaning of 29 U.S.C. §1002.

13. Defendant denies the allegations of paragraph 12.

14. Defendant admits that the plaintiff accepted the employment, but otherwise denies the allegations of paragraph 13.

15. That as to the allegations of paragraphs 14 and 15, defendant states that while the plaintiff had been employed by the defendant for ninety days, she did not perform her duties satisfactorily to the defendant, and was made well aware of issues concerning her employment, and the plaintiff agreed that she would continue on a probationary period and was aware she would not receive benefits during such probationary period.

16. That as to the allegations of paragraph 16, the plaintiff was well aware that she was not performing as expected before and after September 16, 2009 until her employment was eventually terminated.

17. That as to the allegations of paragraph 17, this defendant is without sufficient knowledge or information to form a belief as to exactly when the plaintiff called any Department of Labor concerning her benefits, and therefore, denies the specific allegations made.

18. That as to the allegations of paragraph 18, it is denied that the defendant received a call on January 28, 2010 as alleged, but it is admitted that the defendant received a call from what it believed to be the U.S. Department of Labor and the representative of the Department of Labor was informed that a decision had already been made to terminate the plaintiff.

19. That as to the allegations of paragraph 19, upon information and belief, plaintiff was provided the paperwork to complete and enroll in and begin receiving her benefits on January 27,

2010.

20. Defendant admits the allegations of paragraph 20.

21. That as to the allegations of paragraph 21, the defendant cannot state specifically what time the plaintiff reported for work on February 1, 2010, but it is admitted that she did report to work and it is admitted that a decision had already been made to terminate her employment.

22. That as to the allegations of paragraphs 22, 23, and 24, the defendant denies the allegations thereof except to state that the plaintiff did meet with Mr. Thurman and was told that she was terminated. She was told, and she was well aware, that she was being terminated for her poor performance. In that regard, she was well aware that she had been on probation for poor performance since September of 2009.

23. That as to the allegations of paragraph 25, defendant agreed that it would not contest the plaintiff's claim for unemployment, and it did not, in fact, contest her claim. It is admitted that the Arkansas Employment Security Division was told the plaintiff was terminated for failing to meet her employer's standards, but that would not disqualify her from unemployment benefits, which she has been receiving.

24. That as to the allegations of paragraph 26, it is admitted that the plaintiff inquired about employment benefits, but it remains to be determined as to whether those employment benefits are governed by ERISA and whether or not she was entitled to such benefits.

25. That as to the allegations of paragraph 27, it is admitted that the defendant was terminated on February 1, 2010, but the balance of the allegations therein are denied.

26. That as to the allegations of paragraph 28, it is admitted that the plaintiff was terminated on February 1, 2010, but the balance of the allegations contained therein is denied.

27. Defendant denies the allegations of paragraphs 29 and 30.

28. Defendant denies all prayers for relief, including but not limited to paragraphs 31 through 39.

29. That pleading affirmatively, this defendant states that the defendant had just cause for termination of the defendant, which was discussed with her on several occasions during her employment, and she was well aware that she was on probation during the entire time of her employment with the defendant.

30. That pleading further affirmatively, defendant states that plaintiff's contact(s) with any Department of Labor was purely coincidental and had nothing to do with her termination. The decision to terminate her had been made prior to any communications from the Department of Labor.

31. That pleading further affirmatively, defendant states that any employment welfare benefits which she claims she requested have been given to her and that such benefits were applied retroactively, and she has no damages.

32. That pleading further affirmatively, the defendant states that the plaintiff has failed to state a claim upon which relief should be granted and her complaint should be dismissed pursuant to FRCP 12(b)(6).

33. That pleading further, the defendant states the defenses of waiver, estoppel, accord and satisfaction, and failure to mitigate damages.

34. That to the extent the plaintiff is entitled to any additional benefits from the plaintiff, any amounts that she has been paid from the time of her employment to the date hereof should be set off against that award.

WHEREFORE, defendant, Mathias Properties, Inc., prays that the complaint against it be dismissed and for all other relief to which it may prove itself entitled.

MATHIAS PROPERTIES, INC., DEFENDANT

CYPERT, CROUCH, CLARK & HARWELL, PLLC
Its Attorneys
111 Holcomb Street
P.O. Box 1400
Springdale, AR 72765-1400
(479) 751-5222
(479) 751-5777 Facsimile

/s/James E. Crouch
James E. Crouch, ABA #77036

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following: Joseph F. Gilker.

/s/ James E. Crouch
James E. Crouch, ABA#77036
Attorney for Defendant
Cypert, Crouch, Clark & Harwell
P.O. Box 1400
Springdale, AR 72765-1400
(479) 751-5222
(479) 751-5777 Facsimile
jcrouch@ccchlaw.com